### 5173. NESSMITH *v.* PEEPLES. ·

1. The judge of the city court of Nashville has authority to render judgment at the appearance term in all cases where no plea or answer is filed up to the time the case is called on the docket. Where such judgment has been rendered, the statute relating to the opening of defaults has no application, although a motion to vacate the judgment may be made on proper grounds.
2. No defense having been filed until after judgment had been rendered at the appearance term, it was not error for the court to refuse to consider the defense.

DECIDED JANUARY 20, 1914.

Complaint; from city court of Nashville—Judge Cranford presiding. August 13, 1913.

*Hendricks & Hendricks,* for plaintiff in error.

*Knight, Chastain & Gaskins,* contra.

ROAN, J. T. M. Peeples sued W. D. Nessmith in the city court of Nashville on a promissory note for the principal sum of $575. The suit was returnable to the January term, 1913. The judge called the docket on January 17, 1913, and, there being no appearance for the defendant, judgment was entered against him. On January 23, 1913, the defendant filed an answer, denying indebt-

edness. Nothing more was done in the matter until August 14, 1913, when the defendant filed an amendment to his answer, and prayed to open default; and on the same date a second amendment, as to newly discovered evidence, was offered. When the case was called the court refused to consider the plea and answer and amendments, holding that as they were filed after judgment, they came too late. To this action of the court the defendant excepts.

The act creating the city court of Nashville (Acts 1905, p. 322, sec. 40) provides that in all cases where the amount involved is $100 or less, in which there is no plea or defense filed, a judgment may be rendered by the court, or a verdict rendered, as the case may be, at the appearance term. By the act of 1909 (Acts 1909, p. 283, sec. 3), this section was amended so as to make the jurisdiction extend to all civil cases in said court, and not alone to those involving $100 or less. The law as to opening defaults has no application to this case, as the act authorized the court to render the judgment, and there was no motion to vacate it.

*Judgment affirmed.*